UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANNIA
-----------------------------------------------------------------X
MAREK DZIADOSZ,

                Plaintiff,

        - against -

GOC MYSZKOWSKI SP.JAWNA D/B/A GOC
HARLEY-DAVIDSON RZESZOW D/B/A GAME OVER
CYCLES D/BA/ EGO-LIGHT SP. Z.O.O., STANISLAW
MYSZKOWSKI and KAROL MIKA,

              Defendants.
-----------------------------------------------------------------X

Case No.:

**<u>VERIFIED COMPLAINT</u>**

      Plaintiff, MAREK DZIADOSZ ("Plaintiff"), by and through his attorneys Marzec Law

Firm, P.C., by way of Complaint, alleges against Defendants GOC MYSZKOWSKI SP.JAWNA

D/B/A GOC HARLEY-DAVIDSON RZESZOW D/B/A GAME OVER CYCLES D/B/A EGO-

LIGHT SP. Z.O.O. and the individually named Defendants STANISLAW MYSZKOWSKI and

KAROL MIKA (collectively, the "Defendants") (all referred to as, the "Parties") as follows:

<strong><u>PARTIES</u></strong>

    1.    The Plaintiff MAREK DZIADOSZ is an individual residing in Monroe County, PA

at 139 Foxfire Drive, Unit 201, Mt. Pocono, PA, 18344.

    2.    GOC MYSZKOWSKI SP.JAWNA D/B/A GOC HARLEY-DAVIDSON

RZESZOW D/B/A GAME OVER CYCLES D/BA/ EGO-LIGHT SP. Z.O.O. ("GOC" or

"company"), is a general partnership with its partner, owner, manager, and individual ultimately

responsible for the operation and management of the business entity (who is named as an

individual Defendant) maintaining a place of business at GOC HARLEY-DAVIDSON

RZESZOW, ul. Ludwika Chmury 4, 35-213 Rzeszow, Poland.

1

3.      The individual Defendant STANISLAW MYSZKOWSKI ("MYSZKOWSKI") is the managing partner, officer, director, agent, manager, supervisor and owner of GOC MYSZKOWSKI SP.JAWNA D/B/A GOC HARLEY-DAVIDSON RZESZOW D/B/A GAME OVER CYCLES D/BA/ EGO-LIGHT SP. Z.O.O. and resides at ul. Ludwika Chmury 4, 35-213 Rzeszow, Poland.

4.      The   individual   Defendant,   KAROL   MIKA   ("MIKA"),   is   an employee/manager/supervisor of GOC with a business address of ul. Ludwika Chmury 4, 35-213 Rzeszow, Poland.

## JURISDICTION

5.      The Court has personal jurisdiction over all Defendants as Defendants have maintained systematic and continuous contact with the Commonwealth of Pennsylvania and maintain perpetual, abiding ties with this forum in that they regularly transact a substantial amount of business and have substantial contacts in the United States and the Commonwealth of Pennsylvania. Defendants purchase parts, motorcycles and merchandise from Harley-Davidson Inc., a corporation based and incorporated in the United States with its headquarters in Milwaukee, Wisconsin and offices/dealerships throughout the United States including in this judicial district.

6.      Defendants further engage in commerce and have substantial contacts with U.S. based third-party sellers, purchases and manufacturers of Harley-Davidson parts, motorcycles and merchandise through Harley-Davidson dealerships located in the United States and the Commonwealth of Pennsylvania, as well as advertise, and regularly solicit sales within the United States and this judicial district.

7.      Defendants further showcase their custom-made Harley-Davidson motorcycles in various rallies, fairs and tradeshows in the U.S. and this judicial district as well as have a trademark

2

registered in the U.S. as "Game Over Cycles" and said mark is for apparel, motorcycles and original motorcycle parts.

8. In addition, the offending conduct was directed to parties in this judicial district and in the State of Pennsylvania. The effect and result of the tortious conduct caused damages in the State of Pennsylvania and within this judicial district.

9. This Court has subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a)(2) as complete diversity exists between Plaintiff and all Defendants and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. This action is between Plaintiff, a citizen of the Commonwealth of Pennsylvania domiciled in the Middle District of Pennsylvania and residing at 139 Foxfire Drive, Unit 201, Mt. Pocono, Pennsylvania, 18344, and Defendants who are entities and citizens or subjects of Poland, a foreign state.

10. Venue is proper in the Middle District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b)(1) because Plaintiff resides or may be found in this judicial district and pursuant to 28 U.S.C. § 1391(b)(2) as substantial events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

11. Venue is also proper in this judicial district and the Commonwealth of Pennsylvania as the transaction or occurrence complained herein involves publication of defamatory material in this forum as a communication (Defendants' email as described and alleged infra) was read by a third party personally known to Plaintiff (Plaintiff's current employer with its business located in this judicial district) thereby causing harm to Plaintiff's reputation and all other effects of the offending acts and omissions.

## FACTS COMMON TO ALL COUNTS

12.    Plaintiff began working at GOC from its inception of the business entity when it was first created in or about January 2012 and worked at GOC full-time developing new departments and business plans.

13.    Plaintiff participated in the company's biggest events and Plaintiff had a significant influence on the decision making of the company.  Simultaneously, Plaintiff was also a consultant to GOC regarding matters involving the management of union projects.

14.    Plaintiff represented the GOC at trade shows, rallies and other industry events across the EU.

15.    Plaintiff independently obtaining funding for the development of GOC by building from scratch the CNC machines department which revolutionized the manufacturing of motorcycles at the company.  Consequently, GOC's manufacturing facility became profitable and is a significant factor in its preservation as a going concern.

16.    Plaintiff created GOC's presence on the internet and social media platforms as well as developing the company's website and purchasing GOC's internet domain for digital marketing.

17.    Plaintiff further built from scratch the company's e-commerce store for both commercial and retail as well as creating relationships with manufacturers of motorcycle parts which GOC installs on custom built motorcycles.

18.    Moreover, Plaintiff was instrumental in facilitating the company's entry into the apparel market.

19.    When employed by GOC, Plaintiff had hundreds of satisfied clients, customers and co-workers with whom to this day Plaintiff maintains a good relationship.

20.     Harley-Davidson dealerships do not have their own e-commerce specialists relying instead on Harley-Davidson for marketing.  As such, Plaintiff was engaged by GOC to build a professional online store using a multi-media studio to create digital content for the internet.

21.     During Plaintiff's first meeting with his current employer, POCONO MOUNTAIN HARLEY-DAVIDSON located at 110 Hill Motor Lodge Road, Tannersville, Pennsylvania 18372 ("Harley-Davidson PA"), Plaintiff was a resident of Poland and an employee of Defendants.

22.     In 2017, Plaintiff entered the United States on a visitor visa for a business trip on behalf of GOC to attend the Harley-Davidson dealer meeting in Los Angeles, CA and to attend the Sturgis Rally in North Dakota.  Eventually, Plaintiff emigrated to the United States and applied for employment with Harley-Davidson PA.

23.     Upon applying for the job, and during multiple discussions with Harley-Davidson PA, Plaintiff was told he was qualified and a perfect fit for a senior management position developing and operating the e-commerce store for Harley-Davidson PA.

24.     Plaintiff's discussions with Harley-Davidson PA consisted of details regarding the dealership's e-commerce site, Plaintiff's full-time position responsibilities of running the e-commerce store, the staff who he would supervise in carrying out his managerial job responsibilities, the high rate of pay and annual salary, including commission on sales made through the e-commerce site, quarterly and annual bonuses to be received on top of his high annual salary, as well as other senior-level job perks such as his own office, personnel, a staff controlled by Plaintiff and a flexible schedule.

25.     As the hiring discussions reached their conclusion, an oral agreement was reached by and between Harley-Davidson PA and Plaintiff regarding Plaintiff's employment as a senior high level manager and supervisor with job duties encompassing the creation and modification of

Harley-Davidson PA's e-commerce site with the attending salary, commissions, bonuses, staff and other perks.

26.     At that point in the employment hiring process, Harley-Davidson PA requested a reference directly from Plaintiff's former employers, Defendants herein. In doing so, Harley-Davidson PA sent an email to Defendants on or about February 24, 2020 inquiring as to Plaintiff's previous employment with Defendants.

27.     In response, on or about March 5, 2020, Defendants emailed Harley-Davidson PA a job reference which was filled with untruths, falsehood and outright lies in a malicious attempt to destroy Plaintiff's job prospects- the very job prospects Defendants knew were at stake because of the nature of the email requesting references for an employment position, specifically Plaintiff's negotiated employment and senior level job position with Harley-Davidson PA.

28.     The offending email, dated March 5, 2020, written by Defendants and sent from Defendant MIKA's business email stated falsely that Plaintiff purportedly: "left behind a huge mess" as he allegedly closed Defendants' online vendors account as well as "emails and online store etc."

29.     Defendants' email further stated falsely that Plaintiff:

> redirect [sic] online store emails to his private and locked up server with password which only he knows, he also redirect [sic] our company phone line to his private as well as he changed our building security password, and he made some changes in employee status on H-Dnet.com, those are just some of the things he did to backstabbing us and our dealership? He request [sic] from us monthly payment for giving us access to what belong [sic] to us. It took us several weeks and tons of money to get back to regular work.

30.     Defendants' email concluded stating: "Telling you information about Marek [Dziadosz] is very difficulty [sic] to me [sic] but also trying to save everyone every company [sic] from what he did to us."

31.     As result of the blatantly false and intentionally tortious nature of Defendants' email, Plaintiff was harmed as he was not able to secure the senior level employment position the details of which had already been negotiated and agreed to by Plaintiff and Harley-Davidson PA.

32.     Plaintiff had expected, and, in fact, believed it was a foregone conclusion that he would be hired as a senior level manager, with attending salary, commissions, bonuses and other perks, operating Harley-Davidson PA's e-commerce site.

33.     The senior level position which Plaintiff was to be hired to fill had already been negotiated by Plaintiff and Harley-Davidson PA.  As a result of Defendants' email, however, Harley-Davidson PA did not extend and in fact retracted its offer of employment for the senior level e-commerce position for which Plaintiff was to be hired.

34.     Instead, as a direct consequence of Defendants' email, Plaintiff was not hired to fill the senior level position he was promised and expected. Rather, Plaintiff was offered employment as a low-level hourly worker with no staff, no office, and no resources to ensure success of the e-commerce store, greatly diminishing his earnings potential.

35.     Plaintiff was hired for a probationary period without any paid benefits and remains in such a position to this day.

36.     Even after working for more than six months for Harley-Davidson PA, Plaintiff is paid less in salary and benefits than a newly hired, junior level employee working at a similar Harley-Davidson dealership in Whitehall, PA.

37.     The position Plaintiff was offered after Harley-Davidson PA received Defendants' email was not as a senior level e-commerce and digital marketing and IT manager and did not include any of the promised and negotiated job responsibilities, including creating and operating Harley-Davidson PA's e-commerce site, supervising his own staff, having his own office and photography studio for the marketing of Harley-Davidson products, earning a much higher annual salary and having the opportunity to supplement his annual income through commissions and bonuses.

38.     After Defendants sent their email, Plaintiff was placed into a situation not of his making wherein Plaintiff lost potential job opportunities with other Harley-Davidson dealerships based in this judicial district and Pennsylvania.

39.     The harm Plaintiff suffered and continues to suffer is a direct consequence of Defendants' unlawful actions in sending an email to Harley-Davidson PA consisting of lies and outright fabrications destroyed any possibility of Plaintiff securing employment to which he was qualified, the details of which had already been discussed, negotiated and agreed upon by Plaintiff and Harley-Davidson PA.

40.     Defendants' unjustifiable negative job reference was in retaliation of Plaintiff voluntarily leaving his employment with Defendants and moving to the United States to work for a different Harley-Davidson dealership located in PA.

41.     The fact that Plaintiff obtained employment elsewhere and the fact that Plaintiff is currently employed as a low-level employee with Harley-Davidson PA does not shield Defendants from Plaintiff's claims herein and the severe and intentional financial, reputational and emotional harm caused to Plaintiff by Defendants' unlawful actions.

8

42. Defendants' actions has also affected Plaintiff's life as he has no health insurance, paid vacations and paid holidays.

43. Defendants' email was malicious, false and retaliatory. The actual effect of Defendants' malicious and negative reference based entirely on fabrications and lies was undertaken by Defendants to intentionally interfere with Plaintiff's prospects for employment.

44. Even though Plaintiff was able to obtain employment with Harley-Davidson PA, albeit as a low-level hourly worker and not as a senior-level manager with attending senior-level pay, responsibilities and perks, Defendants are lawfully responsible for the severe harm they directly caused to Plaintiff.

45. In having given an intentionally false negative reference consisting entirely of fabricated statements, Defendants are responsible for the damages suffered by Plaintiff. Those damages are calculated to exceed over $2,000,000.00 USD and include back pay and front pay.

46. Defendants' actions were, among other claims alleged herein, post-employment retaliation, causing Plaintiff damages consisting of and not limited to, a decrease in wages, position, job duties, and other perks Plaintiff would have received but for Defendants' intentionally malicious, false and therefore unlawful email.

47. All employers are mandated under the law to take great care when giving references for employees and lawfully obliged to take care to ensure that any information they provide is true.

48. Defendants did not abide by their duties under the law and Defendants' intention in sending their malicious email was to fatally harm Plaintiff's future employment opportunities and prospects as well as destroy Plaintiff's career in his chosen profession.

49.     By their email, Defendants foreswore any possibility of Plaintiff obtaining employment commiserate with his qualifications and the email was an intentional act to stop Plaintiff from obtaining employment, and if Plaintiff did secure employment, to greatly diminish Plaintiff's earnings capacity and job responsibilities.

50.     Plaintiff is now faced with the reality that Defendants actions have permanently harmed his employment and future employment in the industry to which he has dedicated his life's work.

51.     Defendants' have intentionally acted unlawfully and with the requisite malice directed at Plaintiff while benefiting from their unlawful actions in crippling the employment prospects of Plaintiff and thereby of other Harley-Davidson dealers located throughout the United States and the world.  The false reference is a permanent addition to the Plaintiff's employment file and will continue to haunt him in his professional job prospects.

52.     Plaintiff has a genuine passion for Harley-Davidson the company writ large as well as the motorcycles sold under the Harley-Davidson brand and the creativity that results in what Plaintiff feels is his art and life's work.

53.     Plaintiff cannot afford, emotionally and financially, to change careers and/or obtain employment in a different profession.

54.     After a number of years of a good working employer-employee relationship with Defendants, without there ever being any "dispute" even remotely close to the lies described in Defendants' email, Defendants now claim (falsely) that Plaintiff acted and committed the offenses described in their email.

55.     Plaintiff did not do any of the things alleged to have occurred by Defendants in their email.

56.     Defendants' statements were false when made.

57.     Defendants' email was written purposefully false and was premediated.

58.     Defendants refuse to retract their false published statements.

59.     Plaintiff has complied with all of his obligations to Defendants.

60.     At the time that Defendants published their statements and sent their email to Plaintiffs' current employer, Harley-Davidson PA, they intended to have Plaintiff's current employer rely on these false statements and for Harley-Davidson PA to believe the statements to be true when they were not true.

61.     Harley-Davidson PA did in fact rely on the statements made in Defendants' email to Plaintiff's detriment.

62.     Based on Harley-Davidson PA's reliance upon Defendants' false statements, Plaintiff suffered damages.

63.     More specifically, Harley-Davidson PA relied on Defendants' false and malicious statements by hiring Plaintiff as an hourly employee rather than as a full-time salaried employee and by not granting Plaintiff all of the additional perks he was promised and which he expected, including but not limited to, creating and operating Harley-Davidson PA's e-commerce site, an annual salary to be supplemented by commissions and bonuses, a staff to supervise and assist Plaintiff in carrying out his senior-level managerial job duties, his own office, additional job responsibilities and other perks.

64.     Moreover, Defendants' misrepresentations in their email to Harley-Davidson PA caused harm to Plaintiff by destroying Plaintiff's current and future employment and career prospects in Plaintiff's chosen profession to which he has dedicated his life's work.

65.     Upon information and belief, Defendants were and continue to be engaged in a scheme to harm Plaintiff's job prospects and destroy Plaintiff's career.

66.     Defendants failed to conduct themselves in a legal, and reasonably prudent manner, as employers must under the laws of the United States and this judicial district.   Defendants disregarding all norms of business conduct and ethics, and used the power granted to them as a Harley-Davidson dealership for the purposes of harming Plaintiff.

67.     Defendant GOC is liable for the actions taken by its officer, director, owner and partner Defendant MYSZKOWSKI as well as liable for the actions taken by GOC's employee and manager Defendant MIKA in sending the subject email.

68.     Defendant GOC is vicariously liable for the negligent and intentional acts of GOC's employees, including individual Defendants MYSZKOWSKI and MIKA, which email caused injuries to Plaintiff as the act of writing, publishing and sending the subject email to Harley-Davidson PA was committed during the course of and within the scope of individual Defendants MYSZKOWSKI's and MIKA's employment with Defendant GOC.

69.     Upon information and belief, Defendant GOC is wholly owned by Defendant MYSZKOWSKI.

70.     Upon information and belief, in conducting the affairs of GOC, Defendant MYSZKOWSKI failed to comply with the required corporate formalities, including recordkeeping, governance requirements, and other formalities, used the assets of GOC and the good name and reputation of Harley-Davidson to and otherwise commingle personal assets with the assets of GOC.

71.     Upon information and belief, this was done to circumvent a statute or statutes or accomplish other wrongful acts or in furtherance of other wrongful or inequitable purposes.

72.     Upon information and belief, GOC is the alter-ego of Defendant MYSZKOWSKI; and, as will be established at trial, for the purpose of the claims made by Plaintiff, Defendant MYSZKOWSKI has no separate legal existence from Defendant GOC.

73.     Defendant MYSZKOWSKI is also individually liable for the unlawful actions as alleged herein and for the damages suffered by Plaintiff therefrom as Defendant MYSZKOWSKI participated in the tortious actions and activity and wrongful acts as alleged herein. As such, Defendant MYSZKOWSKI is individually liable, along with all the other Defendants, for all claims made by Plaintiff herein.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Intentional Interference With Contractual Relations)**

74.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs herein, with the same force and effect as though more fully set forth at length below.

75.     Defendants intentionally interfered with Plaintiff's contractual relations by inducing Harley-Davidson PA to breach an oral agreement with Plaintiff to hire him as an employee and place him in a position which would have paid Plaintiff more in wages, included additional job responsibilities with a staff, and other employment perks.

76.     A claim for intentional interference with business or contractual relations is governed by section 766 of the Restatement (Second) of Torts. That section provides:

> One who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract.

Restatement (Second) of Torts § 766.

77.     As alleged herein and heretofore, there existed a contract between Plaintiff and Harley-Davidson PA.

78.     Defendants' purpose in sending the subject to email to Harley-Davidson PA was to intentionally harm Plaintiff by preventing the completion of Plaintiff's contractual relations with Harley-Davidson PA.  Defendants' conduct was not proper as a matter of law and was reasonably improper.

79.     Plaintiff suffered actual harm as a result of Defendants' conduct.

80.     Although it is undisputed that there was no written agreement between the Parties, Plaintiff as alleged herein and heretofore had an understanding with Harley-Davidson PA prior to be being formally hired that he would be paid a full-time annual salary, that he would have a staff under his control to aid him in his employment, that he would receive his own office, that he would operate Harley-Davidson PA's e-commerce site, that he would have opportunities to supplement his annual income by earning commissions on sales and other bonuses, and other significant employment perks.

81.     It was also understood that the resources provided to Plaintiff would set him up for success in running the e-commerce store for the prospective employer.  The offending email and maliciously false reference robbed Plaintiff of the ability to excel in his position given that he has been provided no staff, was made to perform menial work, and as result, his work in managing the e-commerce store suffered and did not reach the anticipated success of the position for which he applied.

82.     As an oral agreement existed between Plaintiff and Harley-Davidson PA, Defendants' conduct in intentionally interfering with Plaintiff's prospective contractual

relationship with Harley-Davidson PA prior to be being hired was improper under the circumstances.

83.     Defendants' conduct was improper as the nature of Defendants' conduct consisted of contacting Plaintiff's current employer to express displeasure at the prospect of Plaintiff being hired by another Harley-Davidson dealership and informing Harley-Davidson PA, falsely, that Plaintiff engaged in unlawful actions while employed by Defendants.

84.     Defendants' actions were undertaken with an intent to harm Plaintiff and the interests the Defendants were attempting to advance were illegitimate.

85.     Defendants' conduct should not be permitted without liability, given the harm to Plaintiff caused by such conduct.

**WHEREFORE** Plaintiff demands a judgment against Defendants together with all compensatory and expectation damages, as well as interest accrued, and attorneys' fees and costs.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Intentional Interference With Prospective Contract Relations)

86.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs herein, with the same force and effect as though more fully set forth at length below.

87.     Plaintiff alleges that, in the event that he did not have a contract with Harley-Davidson PA, Defendants interfered with Plaintiff's prospective contract.

88.     Intentional interference with a prospective contractual relation is recognized as a compensable tort in the Commonwealth of Pennsylvania.

89.     As alleged herein and heretofore, Plaintiff had prospective contractual relations with Harley-Davidson PA.

90.     Defendants' email and the lies set forth therein were for the purpose or intent to harm Plaintiff by preventing Plaintiff from obtaining employment as a senior level e-commerce and digital marketing and IT manager.

91.     No privilege or justification on the part of the Defendants exist as to their actions.

92.     Plaintiff suffered actual damage from the Defendants' conduct.

93.     But for Defendants' email, the specific job, with all concomitant responsibilities, higher wages and other perks between Plaintiff and Harley-Davidson PA, would likely have been consummated.

94.     Accordingly, Plaintiff and Harley-Davidson PA had a prospective contractual relation.

95.     Defendants' intention was to interfere with Plaintiff's prospective contractual relation with Harley-Davidson PA.

96.     Defendants acted with an intent to prevent Harley-Davidson PA from hiring Plaintiff for the job Plaintiff was promised and expected, and to destroy all future job prospects for similar employment with any Harley-Davidson dealership anywhere in the world.

97.     Defendants' purpose or intent in sending their email was to harm Plaintiff.

98.     Defendants actions were not justified or a privileged interference.  Defendants' actions in publishing and sending an email consisting of lies and fabricated "facts" are not sanctioned by the rules which society has adopted and/or the industry norms in Plaintiff's chosen profession.

99.     Defendants' conduct is not socially acceptable conduct which the law regards as privileged.

100.   The impropriety of Defendants' conduct consisted of publishing and disseminating via email to Plaintiff's current employer falsehoods and misrepresentations thereby inducing Harley-Davidson PA from hiring Plaintiff for the job he was promised and/or expected.

**WHEREFORE** Plaintiff demands a judgment against Defendants together with all compensatory and expectation damages, as well as interest accrued, and attorneys' fees and costs.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Defamation)

101.   Plaintiff repeats and realleges each and every allegation contained in the paragraphs herein, with the same force and effect as though more fully set forth at length below.

102.   On or about the date set forth above, Defendants maliciously defamed Plaintiff by sending an email consisting of false statements that Plaintiff had engaged in misconduct while as an employee of Defendants and that such misconduct constituted unlawful behavior.

103.   By their email, Defendants made and published defamatory statements about Plaintiff.

104.   In furtherance of Defendants' defamatory conduct, Defendants defamed Plaintiff by spreading false statements that Plaintiff had engaged in improper conduct while an employee of Defendants.

105.   Defendants disseminated such false statements, including, that Plaintiff violated Defendants' employment policy and that Plaintiff was guilty of one or more crimes.

106.   These statements were false.

107.   These statements, made within the last calendar year from the date herein included, but were not limited to the following, in sum and substance:

    i.   Plaintiff left behind a huge mess;

ii.   Plaintiff closed Defendants' online vendors account as well as emails and Defendants' online store etc.;

iii.   Plaintiff redirected Defendants' online store emails to his private and locked up server with password which only he knew;

iv.   Plaintiff redirected Defendants' company phone line to his private phone;

v.   Plaintiff changed Defendants' building security password; and

vi.   Plaintiff changed employee status on H-Dnet.com.

104.   These false statements were intended to adversely affect Plaintiff's career and to place him in a disadvantage vis a vis his chosen profession and in any employment with Harley-Davidson and its dealerships.

105.   These statements were also motivated by Defendants' own professional advancement ambitions as a Harley-Davidson dealership.

106.   Defendants saw Plaintiff as a professional rival and sought to eliminate the "threat" by seeking to destroy him professionally using false statements and charges.

107.   By reason of Defendants' foregoing false and slanderous statement made to and caused to be made by Defendants, Plaintiff has suffered significant injury to his good name, has been brought into public and professional disgrace at his workplace and in his profession, has subjected Plaintiff to contempt, ridicule, aversion and disgrace.

108.   Moreover, Defendants' unlawful actions have affected Plaintiff's career prospects and his ability to work effectively and efficiently with his colleagues.

109.   Defendants made and caused to be made these defamatory and slanderous statements and have acted in a way, as set forth above, toward Plaintiff as to be willful and

malicious for the purpose of injuring Plaintiff's reputation, professional standing and career prospects.

110.    Defendants made the statements with malice, with knowledge that the statements were false or with reckless disregard as to their truth or falsity, and for the purpose of defaming Plaintiff and interfering with Plaintiff's professional career.

111.    As a direct result of Defendant's false statements, Plaintiff suffered great mental anguish and Plaintiff's reputation was damaged.

112.    In committing the aforementioned acts, Defendants acted with malice towards Plaintiff, and Plaintiff is therefore entitled to punitive damages in sufficient amount as will adequately punish Defendants for their willful and malicious conduct.

**WHEREFORE,** the Plaintiff demands that judgment be entered in his favor and against the Defendants for compensatory, special, exemplary and punitive damages, pre-judgment interest, attorneys' fees and costs for the injuries and damages incurred by Plaintiff as set forth above and for such further relief the Court shall deem just and proper.

### AS AND FOR A FOURTH CAUSE OF ACTION
**(Commercial Disparagement)**

112.    Plaintiff repeats and realleges each and every allegation contained in the paragraphs herein, with the same force and effect as though more fully set forth at length below.

113.    On or about the date set forth above, Defendants maliciously defamed Plaintiff by sending an email to Harley-Davidson PA consisting of false statements that Plaintiff had engaged in misconduct while as an employee of Defendants and that such misconduct constituted unlawful behavior.

114.    By their email, Defendants intended to cause financial loss or reasonably should have recognized that their email would result in financial loss to Plaintiff.

115.   By reason of Defendants' foregoing false and disparaging statement, Plaintiff did in fact suffer financial loss.

116.   Plaintiff has suffered significant injury to his good name, has been brought into public and professional disgrace at his workplace and in his profession, has subjected Plaintiff to contempt, ridicule, aversion and disgrace.

117.   Moreover, Defendants' unlawful actions have affected Plaintiff's career prospects and his ability to work effectively and efficiently with his colleagues.

118.   Defendants made and caused to be made these defamatory and disparaging statements in their email knowing that the statements therein were false or acted in reckless disregard of the truth or falsity of the disparaging statements contained in their email.

119.   As a direct result of Defendants' false and disparaging statements, Plaintiff suffered financial loss.

**WHEREFORE,** the Plaintiff demands that judgment be entered in his favor and against the Defendants for compensatory, special, exemplary and punitive damages, pre-judgment interest, attorneys' fees and costs for the injuries and damages incurred by Plaintiff as set forth above and for such further relief the Court shall deem just and proper.

### AS AND FOR A FIFTH CAUSE OF ACTION
#### (Libel)

120.   Plaintiff repeats and realleges each and every allegation contained in the paragraphs herein, with the same force and effect as though more fully set forth at length herein.

121.   Defendants falsely wrote, published, and caused to be said written and published words regarding and concerning Plaintiff as set forth above.

122.   Said written statements were false and were known by Defendants to be false when made and published.

123.    Said libelous statements were reasonably calculated to injure Plaintiff's reputation, professional standing, standing in the community and intended to cause harm to Plaintiff's career and profession and to damage Plaintiff's reputation and standing in the opinion of Plaintiff's colleagues, superiors and members of Plaintiff's professional communities.

124.    Defendants' statements including the statements published and disseminated by email stating that Plaintiff committed a crime, his professional standing, trustworthiness, and competency, libeled Plaintiff.

**WHEREFORE**, Plaintiff demands that judgment be entered in his favor and against the Defendants for compensatory, special, exemplary and punitive damages, pre-judgment interest, attorneys' fees and costs for the injuries and damages incurred by Plaintiff as set forth above and for such further relief the Court shall deem just and proper.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Slander Per Se)

125.    Plaintiff repeats and realleges each and every allegation contained in the paragraphs herein, with the same force and effect as though more fully set forth at length herein.

126.    Defendants stated to fellow Harley-Davidson professionals that Plaintiff committed, and that he was guilty of, misconduct and that he was an employee who could not be trusted.

127.    Defendants further stated to various individuals that Plaintiff engaged in unlawful acts and these false statements were made to embarrass Plaintiff in his community and with his family.

128.    Defendants knew these statements not to be true at the time that they were made, and Defendants made them with a reckless indifference as to their truth or falsity.

129.    Defendants acted with malice and with intent to harm Plaintiff.

130.    The statements which Defendants made were not true.

131.    As a direct and proximate result of the foregoing conduct, Plaintiff's reputation has been injured and he has been damaged, and Plaintiff's employment has been severely and adversely affected.

**WHEREFORE,** Plaintiff demands that judgment be entered in his favor and against the Defendants for compensatory, special, exemplary and punitive damages, pre-judgment interest, attorneys' fees and costs for the injuries and damages incurred by Plaintiff as set forth above and for such further relief the Court shall deem just and proper.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Fraud)

132.    Plaintiff repeats and realleges each and every allegation contained in the paragraphs herein, with the same force and effect as though more fully set forth at length herein.

133.    Defendants made representations to Harley-Davidson PA regarding Plaintiff's employment with Defendants.

134.    Defendants disregarded their duties to Plaintiff and defrauded Plaintiff when they lied about Plaintiff's employment and purported actions taken by Plaintiff (which were false) during his employment with Defendants.

135.    As a result of Defendants' misrepresentations contained in their email to Harley-Davidson PA, Plaintiff was not hired for the senior level e-commerce and digital marketing and IT manager position for which he was going to be hired.

136.    Defendants made representations to Harley-Davidson PA that were false and intended to defraud Plaintiff. These representations concerned occurrences and events that were fabricated and/or falsely represented or did not exist at all.

137.    Such representations were not true and made under false pretenses because Defendants knew that they would cause Plaintiff to suffer damages in not being hired for the position to which he was qualified.

138.    Defendant made such representations knowing that they were false and with the intent to defraud Plaintiff.

139.    Plaintiff reasonably relied on such misrepresentations in applying for employment with Harley-Davidson PA.

140.    Plaintiff has been damaged upon his reasonable reliance and against said Defendants in the amount to be proven at trial plus compensatory damages, consequential damages and incidental damages, together with lawful interest, attorneys' fees, costs of suit and any other relief the Court deems appropriate.

**WHEREFORE,** Plaintiff demands that judgment be entered in his favor and against the Defendants for compensatory, special, exemplary and punitive damages, pre-judgment interest, attorneys' fees and costs for the injuries and damages incurred by Plaintiff as set forth above and for such further relief the Court shall deem just and proper.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Common Law Harassment)

141.    Plaintiff repeats and realleges each and every allegation contained in the paragraphs herein, with the same force and effect as though more fully set forth at length herein.

142.    Defendants made intentional false statements of fact to Harley-Davidson PA thereby causing harm directly to Plaintiff.

143.    The facts alleging herein of intentional tortious conduct by Defendants constitute harassment of Plaintiff by Defendants.

144.    Defendants' tortious conduct  were intentional and made with the knowledge that those actions would harm Plaintiff directly.

145.    Plaintiff has been damaged to his detriment.

**WHEREFORE**, Plaintiff demands a judgment for all damages proven at trial as well as attorneys' fees and costs.

<u>**AS AND FOR A NINTH CAUSE OF ACTION**</u>
**(Tortious Interference With A Prospective Economic Advantage)**

146.    Plaintiff repeats and realleges each and every allegation contained in the paragraphs herein, with the same force and effect as though more fully set forth at length herein.

147.    Defendants intentionally and wrongfully and without justification or excuse interfered with Plaintiff's employment and adversely affected Plaintiff's employment, his opportunities for career advancement and with Plaintiff's other employment opportunities working for Harley-Davidson and its dealerships.

148.    As a result of Defendants' tortious interference with Plaintiff's prospective economic and contractual relationship with his current employer, Defendants caused Plaintiff the loss of a prospective gain in his employment and adversely affected Plaintiff's employment and career advancement.

149.    Plaintiff would have had a reasonable probability of economic gain in the absence of Defendants' tortious interference.

150.    Plaintiff has suffered pecuniary damage as a result of Defendants' actions.

**WHEREFORE**, Plaintiff demands that judgment be entered in his favor and against the Defendants for compensatory, special, exemplary and punitive damages, pre-judgment interest,

attorneys' fees and costs for the injuries and damages incurred by Plaintiff as set forth above and for such further relief the Court may deem just and proper.

## AS AND FOR AN TENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

151.    Plaintiff repeats and re-alleges each allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

152.    The Defendants caused harm to Plaintiff by publishing and disseminating an email to Plaintiff's current employer which consisted of lies, untruths and falsehoods.

153.    Defendants' conduct was deliberate, willful, extreme, malicious and beyond the bounds of decency and has had the effect of producing severe emotional distress in Plaintiff.

154.    Defendants caused Plaintiff to suffer sever distress, stress and emotional pain that no reasonable person could expect to endure.

155.    Defendants' words were actions which caused extreme physical stress, anxiety, anguish, headaches, insomnia and other psychological and physical distress to Plaintiff and have caused Plaintiff to be emotionally drained and physically and emotionally severely distressed.

156.    By reason of said deliberate, willful, malicious, outrageous and otherwise tortious acts and deeds complained of herein, Plaintiff has incurred damages, inclusive of special and exemplary damages, severe emotional distress, as well as actual, compensatory, consequential and special losses and injury.

**WHEREFORE,** Plaintiff demands that judgment be entered in his favor and against the Defendants for compensatory, special, exemplary and punitive damages, pre-judgment interest, attorneys' fees and costs for the injuries and damages incurred by Plaintiff as set forth above and for such further relief the Court shall deem just and proper.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

157.    Plaintiff repeats and re-alleges each allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

158.    The Defendants caused harm to Plaintiff by publishing and disseminating an email to Plaintiff's current employer which consisted of lies, untruths and falsehoods.

159.    Defendants' actions and threats constituted conduct which unreasonably endangered Plaintiff's employment, financial and emotional health.

160.    By reason of Defendants' acts and deeds complained of herein, Plaintiff has incurred damages in an amount to be determined at trial.

**WHEREFORE,** Plaintiff demands a money judgment in an amount deemed proper after discovery has been completed as well as attorneys' fees and costs.

## AS AND FOR AN TWELFTH CAUSE OF ACTION
### (Equitable Relief)

161.    Plaintiff repeats and re-alleges each allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

162.    The Defendants are engaged in practices that violate Pennsylvania law and other applicable standards concerning the practices of employers, employees and other individual and entities in providing employment references to former employees which must be true.

163.    Plaintiff seeks injunctive relief including preliminary and permanently enjoining Defendants from continuing to engage in unlawful practices as described herein and heretofore.

164.    Specifically, Plaintiff requests that the Defendants be enjoined from sending, publishing and/or disseminating false and malicious negative references and/or any other statements concerning or about Plaintiff to any individual, entity or to the public at large.

165.    Plaintiff seeks to preliminary and permanently enjoin Defendants from causing Plaintiff further harm by publishing and disseminating statements regarding Plaintiff consisting of lies, untruths and falsehoods.

166.    Defendants' actions and threats constituted conduct which unreasonably endangered Plaintiff's employment, financial and emotional health.

**WHEREFORE,** Plaintiff demands a preliminary and permanent injunction enjoining Defendants from taking any unlawful actions as described herein as well as attorneys' fees and costs.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: December 28, 2020
     Brooklyn, New York

                              **MARZEC LAW FIRM, P.C.**

                         By:

                              Darius A. Marzec, Esq.
                              Attorneys for Plaintiff
                              776 A Manhattan Ave, Suite 104
                              Brooklyn, New York 11222
                              (718) 609-0303
                              (718) 841-7508 Fax
                              <u>dmarzec@marzeclaw.com</u>

## VERIFICATION

COMMONWEALTH OF PENNSYLVANIA        )
                                    )ss.
COUNTY OF MONROE                    )

I verify that the statements made in the foregoing complaint are true and correct. I understand that

false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn

falsification to authorities.


MAREK DZIADOSZ


Signed and sworn to (or affirmed) before me on December _28th_, 2020 by MAREK DZIADOSZ
(name(s) of individual(s) making statement).

Signature of notarial officer: _____

Stamp:

> Commonwealth of Pennsylvania - Notary Seal
> Daniel A. Luddeni, Notary Public
> Monroe County
> My commission expires March 6, 2024
> Commission number 1098609
> Member, Pennsylvania Association of Notaries

Title of office:

My commission expires: